**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No. 4:07-cr-58-CDL-AGH |
| | : | |
| MASTER MICHAEL RAMSEY, | : | |
| | : | |
| Defendant. | : | |

## REPORT & RECOMMENDATION

On June 16, 2026, the Court denied Defendant's motion for compassionate relief (ECF Nos. 295, 279). Defendant filed an appeal (ECF No. 296), and on August 28, 2026, he filed a motion for leave to appeal in forma pauperis (IFP). ECF No. 300. For the following reasons, it is recommended that Defendant's motion to appeal IFP be denied.

## DISCUSSION

The Court considers applications to appeal IFP under 28 U.S.C. § 1915, which provides that an individual may bring an action or appeal without prepayment of the fees if he "submits an affidavit" that shows "that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *Id.* § 1915(a)(3). Federal Rule of Appellate Procedure 24 similarly requires a party wishing to proceed IFP to file an affidavit which shows "the party's inability to pay or to give security for fees and costs[.]" Fed. R. App. P. 24(a)(1)(A). Under the appellate rules, if a district court denies a motion for leave to appeal IFP, the court

"must state its reasons in writing." *Id.* 24(a)(2).

The Court is, thus, required to make two determinations. First, the Court must decide whether the applicant is able to pay the appeal filing fee. Second, the Court must decide whether the appeal meets the good faith requirement. While Defendant has shown he is unable to pay the filing fee, he has not shown that he is appealing in good faith.

First, in Defendant's motion to appeal IFP he declares under penalty of perjury that he is "indigent" and does "not have the financial means to pay the necessary court fee . . . to proceed with his appeal to the Eleventh Circuit." Mot. Appeal IFP 1, ECF No. 300. Defendant, thus, has demonstrated that he is unable to pay the fee to appeal this case.

Second, however, Defendant fails to show that his appeal is taken in good faith. Under Federal Rule of Appellate Procedure 24(a)(1)(C), Defendant must include a statement of issues that he intends to appeal. Even liberally construing Defendant's motion to appeal IFP, he has not included a statement of issues that he intends to appeal. Consequently, the Court finds that Defendant raises no issues with arguable merit for appeal and that Defendant's appeal is frivolous. The Court thus recommends that Defendant's motion to appeal IFP (ECF No. 300) be denied.

If this Recommendation is adopted, the Clerk shall provide the notice required under Federal Rule of Appellate Procedure 24(a)(4). If at that time Defendant wishes to proceed with his appeal, he must pay the entire $605.00 appellate filing fee, or he may file a motion for leave to appeal IFP with the United States Court of Appeals for the Eleventh Circuit in accordance with Federal Rule of Appellate Procedure 24(a)(5).

## CONCLUSION

As discussed above, the Court recommends that Defendant's motion for leave to appeal in forma pauperis (ECF No. 300) be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. *See* M.D. Ga. L.R. 7.4. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 2nd day of September, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE